UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARY A PIPER, et al.,

    Plaintiffs,

    v.

FORD MOTOR CO, et al.,

    Defendants.

Case No. 3:24-CV-00116-GSL-AZ

**OPINION AND ORDER**

This matter is before the Court on Defendant Thor Motor Coach, Inc.'s ("Thor") Motion to Dismiss [DE 34]. For the below reasons, the Court grants in part and denies in part the motion.

**I.     Background**

In February 2022, Virginia residents Mary Piper and Thomas Loveless ("Plaintiffs") purchased a Thor Hurricane RV from a Camping World sales center in Ashland, Virginia, for $168,620. [DE 27, ¶¶ 4–5, 9] (Am. Compl.). Thor manufactured the motorhome, and Ford Motor Company ("FMC") manufactured the chassis. [*Id.* ¶ 9]. Over the next 18 months, various problems with the RV caused Plaintiffs to bring it to warranty-authorized service centers. [*Id.* ¶¶ 10–14]. The repairs were unsuccessful, leaving the RV in service for 227 days. [*Id.*].

Plaintiffs sued Thor, Camping World, and FMC, in the Eastern District of Virginia claiming that: (1) Defendants Thor and FMC breached the Virginia Motor Vehicle Warranty Act ("VMVWA"); (2) Defendants breached the Magnuson-Moss Warranty Act ("MMWA"); and (3) Defendants breached the Virginia Consumer Protection Act ("VCPA"). [*Id.* ¶¶ 16–32]. Plaintiffs seek the cost of the vehicle, $50,000 in additional damages, and attorney fees, among other costs. [*Id.*]. Before the matter was transferred to this District, Judge Ellis dismissed Plaintiffs' MMWA

claim against Defendant Camping World. [DE 32]. Shortly afterward, Defendant Thor filed the instant motion to dismiss. [DE 34]. At the same time, Defendant Thor moved to transfer, based on the limited warranty. [DE 36] (Mot. to Transfer); [DE 37-1] (Def. Thor's Ex. 1). Judge Novak held that the forum-selection clause in the warranty was valid, and the matter was transferred to the South Bend Division. [DE 57]. The matter was transferred again to the undersigned, and a hearing on the motion to dismiss was set. Prior to the hearing, Plaintiffs filed supplemental briefing that included Indiana law. [DE 70]. After the hearing, Defendant Thor filed its own such supplement. [DE 73].

## II.     Legal Standard

A plaintiff survives a Rule 12(b)(6) motion to dismiss when "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

## III.    Discussion

At the outset, the Court notes that "[w]hile a choice of law analysis may be required to determine which state's laws apply for common law claims in a diversity action, a claim for violation of a state's statute clearly requires the application of that state's law." *Beverley v. Jayco*

*Inc.*, 2024 WL 3395781, at *2 (N.D. Ind. Jul 11, 2024) (citations omitted). Therefore, since Counts One and Three are brought under a Virginia statute, the Court will apply Virginia law.

### A. Count One: Virginia Motor Vehicle Warranty Act

Under the VMVWA, Virginia's lemon law, a manufacturer is "a person, partnership, association, corporation or entity engaged in the business of manufacturing or assembling motor vehicles," or "distributing motor vehicles to motor vehicle dealers." VA. CODE ANN. § 59.1-207.11. A motor vehicle is defined "only" as "passenger cars, pickup or panel trucks, motorcycles, autocycles, self-propelled motorized chassis of motor homes[,] and mopeds." *Id.*

Defendant Thor argues that it is not a manufacturer under the VMVWA, so the statute does not apply to it. In response, Plaintiffs argue that "[i]t is not clear which Defendant manufactured or assembled what portion of the motorhome." [DE 43, ¶ 13] (Pls.' MTD Br.). Yet as Defendant Thor points out, this argument contradicts Plaintiffs' own allegation that "[t]his motorhome is equipped with a[n] F-53 chassis, manufactured by Defendant [FMC.]" [DE 27, ¶ 9]. As the VMVWA only creates liability for the manufacturer of a motorhome's chassis, and Plaintiffs have alleged that Defendant FMC manufactured the chassis, Plaintiffs have failed to state a claim against Defendant Thor under the statute.

### B. Count Two: Magnuson-Moss Warranty Act

In Count Two, Plaintiffs allege that Defendants' failure to adequately repair or replace the RV within a reasonable time violates the MMWA. Defendant Thor argues for dismissal of this claim because it was brought too late or because Plaintiffs failed to exhaust their remedies under the warranty. Both arguments rely on the Court's review of the warranty. Though not attached to its present motion to dismiss, Defendant Thor references the warranty throughout the motion. *See, e.g.*, [DE 35, Page 11] (quoting from the warranty, which was submitted as an

3

attachment to Defendant Thor's initial motion to dismiss that was denied as moot). It argues that since the warranty is so central to Plaintiffs' complaint, the Court should consider it. [DE 35, Page 3]. The Court declines to do so.

At this stage, the Court is evaluating the sufficiency of the complaint, not the merits of the case. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 885 (7th Cir. 2022) (citations omitted). Though the warranty could be characterized as central to Plaintiffs' claims, it is not integral to the pleading here. *Compare Beverley*, Case No. 3:24-cv-00009-GSL-AZ, ECF No. 1 (Compl.) (June 27, 2023) (quoting from a warranty) *with* [DE 27]. For that reason, and to avoid converting the motion into one for summary judgment, the Court will not consider the warranty. *See* Fed. R. Civ. P. 12(d). Accordingly, since Defendant Thor's arguments—that Plaintiffs' MMWA claims are either untimely or premature—rely on a document outside the pleadings, Plaintiffs' Count Two against Defendant Thor may proceed.

### C.  Count Three: Virginia Consumer Protection Act

In Count Three, Plaintiffs allege that Defendant Thor misrepresented the motorhome as "being reasonably fit for its ordinary purpose" in violation of the VCPA. [DE 27, ¶ 31]. Defendant Thor contends that this claim should be dismissed because the parties agreed in the warranty that Indiana law applies to all potential claims relating to the RV. [DE 35, Page 16]. As discussed, the undersigned declines to consider the warranty in its review of Defendant Thor's 12(b)(6) motion. Moreover, the Court has explained that Virginia law will apply to claims brought under a Virginia statute. *See Beverley*, 2024 WL 3395781, at *2.

Still, Defendant Thor argues that the Amended Complaint fails to include sufficient factual allegations to support a claim that it violated the VCPA. [DE 51, Pages 12–14] (Def. Thor's Reply). To state a claim under the VCPA, a plaintiff must allege "'(1) fraud, (2) by a

4

supplier, (3) in a consumer transaction.'" *Orr v. Keystone RV Co.*, 736 F. Supp. 3d 389, 397 (E.D. Va. June 7, 2024) (citations omitted). Since the allegations involve fraud, they are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Id.* (citations omitted). Misrepresentation claims under the VCPA must also demonstrate both reliance and damages. *Id.* (citations omitted).

As it relates to Defendant Thor's liability under the VCPA, Plaintiffs fail to allege sufficient factual matter to meet Rule 9(b)'s heightened pleading standard. In regards to Thor's VCPA liability, neither the fact section nor the allegations under Count Three offer more than mere conclusory statements. *See* [DE 27, ¶¶ 4–15, 29–32]. In fact, the *only* VCPA allegation against Defendant Thor is that "Thor Motor Coach, Inc., . . . [has] violated VA, Code §200(A)(5)(6)(8)(10)(13) and (14)." [*Id.* ¶ 31]. With no allegations of specific misrepresentations by Defendant Thor, this conclusory allegation is not enough to state a claim that Thor is liable under the VCPA. *See Orr*, 736 F. Supp. 3d at 397–98. Thus, the Court grants Defendant Thor's motion to dismiss Count Three.

### IV.   Conclusion

Accordingly, the Court **GRANTS** Defendant Thor's Motion to Dismiss [DE 34] with respect to Counts One and Three, but the motion is **DENIED** with respect to Count Two.

Count Three remains pending against Defendant Camping World.

Counts One, Two, and Three remain pending against Defendant Ford Motor Company.

SO ORDERED.

ENTERED: April 10, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court