UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARY A PIPER, *et al.*,

    Plaintiffs,

v.                                                                Case No. 3:24-CV-00116-GSL-AZ

FORD MOTOR CO, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Camping World RV Sales, LLC's ("Camping World") Motion to Dismiss [DE 75] filed on May 1, 2025. For reasons set forth below, the Motion is **GRANTED**.

### Background

In February 2022, Virginia residents Mary Piper and Thomas Loveless ("Plaintiffs") purchased a Thor Hurricane RV from a Camping World sales center in Ashland, Virginia, for $168,620. [DE 27, ¶¶ 4–5, 9]. Thor manufactured the motorhome, and Ford Motor Company ("FMC") manufactured the chassis. [*Id.* ¶ 9]. Over the next 18 months, various problems with the RV caused Plaintiffs to bring it to warranty-authorized service centers. [*Id.* at ¶¶ 10–14]. The repairs were unsuccessful, leaving the RV in service for 227 days. [*Id.*].

Plaintiffs sued Thor, Camping World, and FMC, in the Eastern District of Virginia claiming that: (1) Defendants Thor and FMC breached the Virginia Motor Vehicle Warranty Act ("VMVWA"); (2) all Defendants breached the Magnuson-Moss Warranty Act ("MMWA"); and (3) all Defendants breached the Virginia Consumer Protection Act ("VCPA"). [*Id.* at ¶¶ 16–32]. Plaintiffs seek the cost of the vehicle, $50,000 in additional damages, and attorney fees, among other costs. [*Id.*].

Before the matter was transferred to this District, Camping World filed a Motion to Dismiss [DE 8], arguing that Plaintiffs' claims are time barred. Judge Ellis found that only the MMWA claim was time barred, and left the VCPA claim pending. [DE 32]. On May 1, 2025, Camping World filed a second, the instant, Motion to Dismiss [DE 75] arguing that Plaintiffs' VCPA count fails to state a claim because the Amended Complaint "was not pled with sufficient particularity." [DE 76, Page 5]. Plaintiffs have not filed a written response to this Motion, and the time to do so has now passed.

To date, Plaintiffs have not requested additional time to respond to this Motion. Additionally, Defendant Thor filed a Motion for Summary Judgment on May 13, 2025, and Plaintiffs did respond to that motion. *See* [DE 82]. On August 11, 2025, the Court set both motions for hearing on September 25, 2025. *See* [DE 85]. This still did not prompt Plaintiffs to either file a response to Camping World's Motion to Dismiss or request additional time to do so. When the Court inquired about Plaintiffs' failure to respond to the Motion at the September 25, 2025 hearing, counsel for Plaintiffs stated that the response deadline was not transferred from his paper calendar to the new electronic calendar his office is utilizing. *See Dzik v. Bayer Corporation*, 846 F.3d 211, 216 (7th Cir. 2017) (internal citations omitted) (holding that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on the litigant"). The Court finds that Plaintiffs have waived their opportunity to oppose Camping World's request that the Court dismiss the remaining claim against them, and therefore the Motion is granted. *See Bonte v. U.S. Bank*, N.A., 624 F.3d 461, 466 (7th Cir. 2010) (warning that "[f]ailure to respond … results in waiver"); *see also LeSEA, Inc. v. LeSEA Broadcasting Corporation*, 379 F.Supp.3d 732, 739 (N.D. Ind. May 10, 2019) (internal citation omitted) (holding that "[f]ailure to respond to an argument made in a motion to dismiss results in waiver").

Assuming *arguendo*, that Plaintiffs did respond to the Motion, the Court would still find that dismissal of the VCPA claim against Camping World is appropriate due the conclusory nature of Plaintiffs' Amended Complaint regarding this claim.

### Legal Standard

A plaintiff survives a Rule 12(b)(6) motion to dismiss when "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### Discussion

At the outset, the Court notes that "[w]hile a choice of law analysis may be required to determine which state's laws apply for common law claims in a diversity action, a claim for violation of a state's statute clearly requires the application of that state's law." *Beverley v. Jayco Inc.*, 2024 WL 3395781, at *2 (N.D. Ind. Jul 11, 2024) (citations omitted). Therefore, since Count Three is brought under the Virginia Motor Vehicle Warranty Act, the Court will apply Virginia law.

In Count Three, Plaintiffs allege that Camping World misrepresented the motorhome as "being reasonably fit for its ordinary purpose" in violation of the VCPA. [DE 27 at ¶ 31]. However, Camping World argues that the Amended Complaint fails to include sufficient factual allegations to support a claim that it violated the VCPA. [DE 76 at 2]. To state a claim under the VCPA, a plaintiff

3

must allege "'(1) fraud, (2) by a supplier, (3) in a consumer transaction.'" *Orr v. Keystone RV Co.*, 736 F. Supp. 3d 389, 397 (E.D. Va. June 7, 2024) (internal citations omitted). Since fraud is an element for a cause of action involving a violation of the VCPA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. [*Id.*] Misrepresentation claims under the VCPA must also demonstrate both reliance and damages. [*Id.*]

As it relates to Camping World's liability under the VCPA, Plaintiffs fail to allege sufficient factual matter to meet Rule 9(b)'s heightened pleading standard. Neither the fact section nor the allegations under Count Three offer anything more than mere conclusory statements. *See* [DE 27 at ¶¶ 4–15, 29–32]. For example, the VCPA allegation states, in pertinent part:

> … Camping World LLC ha[s] violated VA, Code §200(A)(5)(6)(8)(10)(13) and (14) … [It] misrepresented [that] the motorhome had certain characteristics, uses, and benefits, that is, it is reasonably fit for its ordinary purpose. The overall circumstances and facts surrounding the Plaintiffs' motorhome and its defects demonstrate the motorhome is not fit for its ordinary purpose, [] [Camping World] knew or should have known it is not fit for its ordinary purpose, but in spite of this [it] willfully refused to honor its warranty implied by law. [It] violate[s] §59.1- 200(A)(13) by attempting to exclude warranties which by operation of law they cannot exclude.

[DE 24 at ¶ 31]. With no allegations of specific misrepresentations by Camping World, these conclusory allegations are not enough to state a claim that Camping World is liable under the VCPA. *See Orr*, 736 F. Supp. 3d at 397–98. Thus, the Court grants Camping World's Motion to Dismiss.

## Conclusion

Accordingly, the Court **GRANTS** Defendant Camping World's Motion to Dismiss [DE 75], hereby dismissing them from this lawsuit.

SO ORDERED.

ENTERED: September 30, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court

4